IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:23-CV-547-BO-BM
No. 5:23-CV-586-BO-RJ

| | |
|---|---|
| CLINTON BRINSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER |
| ) | |
| BROSNAN RISK CONSULTANTS, ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on defendant's motion to compel, motion to dismiss for failure to prosecute and for sanctions, and motion for summary judgment. The appropriate responses and replies have been filed, or the time for doing so has expired. In this posture, all motions are ripe for disposition.

BACKGROUND

Plaintiff, who proceeds in this action *pro se*, filed a complaint on October 4, 2023, against his former employer alleging claims of discrimination in violation of Title VII of the Civil Rights Act of 1964 (Title VII) and the Americans with Disabilities Act (ADA). *See* No. 5:23-CV-547-BO-BM (E.D.N.C.). On October 18, 2023, plaintiff filed a second complaint against defendant also alleging claims under Title VII and the ADA. *See* No. 5:23-CV-586-BO-RJ (E.D.N.C.). The Court[1] subsequently consolidated both actions and later ordered plaintiff to file a single amended complaint. [DE 19]; [DE 24]. On August 6, 2024, the Court granted defendant's partial motion to dismiss the consolidated, amended complaint and dismissed plaintiff's claims raised under state

---

[1] These matters were previously assigned to United States District Judge James C. Dever III prior to their reassignment to the undersigned. [DE 54].

law. Remaining are plaintiff's Title VII retaliation and hostile work environment claims as well as his ADA failure to accommodate and retaliation claims.

After plaintiff failed to appear for a duly noticed deposition on May 8, 2025, defendant moved to compel plaintiff's deposition. [DE 42]. Plaintiff did not respond to the motion to compel within the time provided. On July 18, 2025, defendant moved to dismiss plaintiff's amended complaint for failure to prosecute and for sanctions. This motion is based on plaintiff's failure to serve discovery requests, failure to appear for his deposition, and failure to engage in good faith in mediation. Defendant has also moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Plaintiff was notified of his right to respond pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), and plaintiff failed to respond within the time provided. Plaintiff filed an untimely response, opposing entry of summary judgment and dismissal and seeking a ruling on defendant's motion to compel. Plaintiff requests that defendant's motion to compel be granted, that he be ordered to appear for a deposition, and that defendant's remaining motions be denied as premature and harassing in violation of Fed. R. Civ. P. 11.

Plaintiff failed to file an opposing statement to defendant's Local Civil Rule 56.1 statement of material facts filed in support of its motion for summary judgment. Accordingly, the following facts are undisputed. *See* Local Civil Rule 56.1(a).

Defendant provides security services to Walmart and other clients, including by providing security guards to monitor and protect Walmart property and personnel. [DE 50]. ¶ 1. Plaintiff was hired for a second time by defendant on April 11, 2022, as a Flex Officer, and was responsible for monitoring and protecting customers, staff, and suspects at the Walmart locations to which he was assigned. *Id.* ¶ 6. As a Flex Officer, plaintiff did not have a permanent schedule or location, and he was assigned to rotate between various Walmart locations on an as-needed basis. *Id.* ¶¶ 7-8.

Flex Officers are required to patrol and monitor on foot both inside and outside the store for lengthy periods during their shifts. Patrol vehicles are available at some Walmart locations where extensive outside patrolling is required. *Id.* ¶ 9.

Plaintiff reported to Chaz White, a Field Supervisor, Khalic Everett, a Field Supervisor, and Imani Taborn, Site Lead. Defendant experienced issues with plaintiff's performance and attitude throughout plaintiff's employment, including a request by Walmart to relocate plaintiff after an incident during which plaintiff broke glass on a store door while attempting to chase a shoplifter. *Id.* ¶¶ 11-12. Plaintiff was also discovered using his personal phone for several hours while on vehicle patrol. *Id.* ¶¶ 14-17. White called plaintiff to discuss plaintiff's use of his cell phone while on duty through a coaching conversation, and included Taborn on the call per company policy which requires that a witness be present during coaching conversations. *Id.* ¶¶ 18-19. When Jim Myers, Account Manager and District Manager for defendant, later visited plaintiff's assigned location, plaintiff complained that Taborn had listened in on the call and accused Taborn of listening to calls he made while using the patrol vehicle. *Id.* ¶ 21. Plaintiff became aggressive and demanded that Myers agree with plaintiff that both White and Taborn did not need to be on the coaching conversation call. Plaintiff then threatened that he would file an administrative charge with the Equal Employment Opportunity Commission (EEOC), but did not state that he perceived he was being discriminated against on the basis of his race, disability, or any protected class. *Id.* ¶ 23-25. Plaintiff never made an internal complaint that he was discriminated against on the basis of his race or disability. *Id.* ¶ 26.

Plaintiff alleges that he visited his doctor on October 17, 2022, but has not provided any documentation of this visit despite defendant's request. *Id.* ¶ 28. On November 8, 2022, plaintiff provided defendant with a return to work note from the WakeMed Raleigh Campus Emergency

Department stating that plaintiff could return to work on November 11, 2022, with no restrictions. *Id.* ¶ 29-30. Plaintiff contacted human resources on November 8, 2022, to discuss his emergency department visit, and this was the first that human resources had learned of plaintiff's foot or back pain. *Id.* ¶¶ 31-32. Plaintiff requested that he be moved to a vehicle-only patrol position and provided his return to work note as documentation. *Id.* ¶ 33. Plaintiff was informed that there were no vehicle-only patrol positions and moved plaintiff to a Walmart location which required both foot and vehicle patrol. *Id.* ¶ 35-36. Plaintiff later complained about his required work boots and asked to be allowed to wear different shoes, and this request was accommodated. *Id.* ¶ 37. Plaintiff requested a reduction in work hours so that he could attend doctor's appointments and physical therapy, and he was scheduled for fewer evening hours to permit him to attend his appointments. *Id.* ¶ 38.

On March 7, 2023, plaintiff reported to work as scheduled. Myers and Russell Hines, a Walmart corporate executive, were on site for evaluations. *Id.* ¶ 39. Plaintiff informed Myers that he needed to leave for an appointment that day, but did not provide documentation, though he stated that Sean Thompson, Site Supervisor, had given him permission to leave for his appointment. Because there were no available staff members to cover plaintiff's shift, Myers told plaintiff that he could not leave to attend his appointment. *Id.* ¶¶ 40-42. Plaintiff told Myers that he would leave anyway, took off his security equipment, shoved it into Thompson's chest, and left in front of Myers, Hines, and a Walmart store manager. *Id.* ¶ 44. The Walmart manager demanded that plaintiff not return to the site, and Hines demanded that plaintiff not return to any Walmart location. Plaintiff was terminated from his employment for insubordination, abandoning his post, and leaving without authorization. *Id.* ¶¶ 45-47.

DISCUSSION

A. *Motion for summary judgment*

The Court, in its discretion, considers first defendant's motion for summary judgment. A motion for summary judgment may not be granted unless there are no genuine issues of material fact for trial and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The moving party bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If that burden has been met, the non-moving party must then come forward and establish the specific material facts in dispute to survive summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 588 (1986). In determining whether a genuine issue of material fact exists for trial, a trial court views the evidence and the inferences in the light most favorable to the nonmoving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007). However, "[t]he mere existence of a scintilla of evidence" in support of the nonmoving party's position is not sufficient to defeat a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). "A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party. A fact is material if it might affect the outcome of the suit under the governing law." *Libertarian Party of Va. v. Judd*, 718 F.3d 308, 313 (4th Cir. 2013) (internal quotation marks and citations omitted). Speculative or conclusory allegations will not suffice. *Thompson v. Potomac Elec. Power Co.*, 312 F.3d 645, 649 (4th Cir. 2002).

As noted above, plaintiff has failed to substantively respond to the motion for summary judgment, and the response that he did file was filed out of time. Where a motion for summary judgment is unopposed, a court must nonetheless "thoroughly analyze[] the motion[.]" *Maryland v. Universal Elections, Inc.*, 729 F.3d 370, 380 (4th Cir. 2013). Neither plaintiff's original nor his amended complaint in this case was verified, and thus it cannot be used as an affidavit opposing

5

the motion for summary judgment. *Goodman v. Diggs*, 986 F.3d 493, 498 (4th Cir. 2021); *see also id.* at 495 n.2 ("complaint is 'verified' if it is 'signed, sworn, and submitted under penalty of perjury.'") (citation omitted). Additionally, the Court has considered plaintiff's request that defendant's motion to compel his deposition be granted, even though this request was made in an untimely response to both the motion to compel and the motion for summary judgment. Though consideration of a motion for summary judgment may not be proper where the nonmoving party is requesting additional time for discovery, *see id.* at 500, plaintiff's only request for additional discovery is his request that the Court grant defendant's motion to compel *his own* deposition. Plaintiff's request is therefore not properly characterized as a request for additional discovery so that he may present facts essential to his opposition. *See* Fed. R. Civ. P. 56(d). Though plaintiff argues that defendant's summary judgment motion is premature, he has not identified any material issue on which he requires additional discovery. Rather, plaintiff argues that his authenticated evidence will create a genuine dispute of material fact, though he has failed to file any evidence in response to defendant's motion. *See* [DE 55] at 3.[2] The Court will consider, however, the exhibits plaintiff has attached to his original and amended complaints when determining whether entry of summary judgment is appropriate.

The remaining claims in plaintiff's amended complaint are for retaliation and hostile work environment in violation of Title VII and failure to accommodate and retaliation in violation of

---

[2] Additionally, plaintiff contends that the Court previously denied defendant's motion to dismiss because plaintiff has a tape recording which will prove his claims. [DE 55] at 1. Plaintiff further argues that the Court's 12(b)(6) decision confused plaintiff and caused him to believe that plaintiff's evidence was already authenticated and the case was ready for trial. *Id.* at 2. First, the Court granted defendant's partial motion to dismiss. [DE 35]. Second, nowhere in the Court's order are any statements regarding the authentication of plaintiff's evidence or the case being ready for trial. *Id.* Plaintiff attaches as an exhibit to his response an email chain with defendant's counsel which he argues demonstrates his confusion, but the email plaintiff has attached merely states that plaintiff's sworn testimony is his complaint and that any further emails from defense counsel will be deemed harassment. [DE 55-1].

the ADA. A plaintiff alleging violations of Title VII and the ADA, and who, like plaintiff, lacks direct evidence of discrimination, proceeds through the *McDonnell Douglas* burden shifting framework. 411 U.S. 792 (1973). First, he must establish a prima facie case of discrimination, after which the employer may come forward with "a legitimate, non-discriminatory reason for its employment action." *Mackey v. Shalala*, 360 F.3d 463, 468 (4th Cir. 2004) (citation omitted). If the employer comes forward with a legitimate, non-discriminatory reason, the plaintiff must then show that the employer's given reason was merely pretext for discrimination. *Id.*

To establish a prima facie case of retaliation under Title VII, plaintiff must show that he engaged in protected activity, that defendant took adverse action against him, and that there is a causal relationship between the adverse action and the protected activity. *Foster v. Univ. of Maryland-E. Shore*, 787 F.3d 243, 250 (4th Cir. 2015). Title VII "protects activity in opposition not only to employment actions actually unlawful under Title VII but also employment actions an employee reasonably believes to be unlawful." *E.E.O.C. v. Navy Fed. Credit Union*, 424 F.3d 397, 406 (4th Cir. 2005).

Plaintiff alleges that he complained to Everett that he was bullied and harassed by White and Taborn and that he threatened to take his complaint to the EEOC. Plaintiff alleges that, in retaliation for making his complaints, White and Taborn began to time his bathroom breaks and how long it took him to clock in and to start the patrol truck and began listening to plaintiff's phone calls. Plaintiff alleges that after he threatened to go to the EEOC he was moved to a different store location and his hours were reduced, his pay was reduced from site lead to officer pay, and that he was not moved to a location with vehicle patrol.

At this stage, plaintiff can no longer rest on the allegations in his unverified complaint, *Cook v. Howard*, 484 F. App'x 805, 824 (4th Cir. 2012), and he has proffered no evidence which

would show that he was subjected to any retaliation. Defendant has proffered evidence that Taborn admits that she listened in on White's coaching session with plaintiff and also asked managers to be present during her phone calls with plaintiff, all pursuant to defendant's policy. Plaintiff has further failed to proffer any evidence which would show that he was transferred or his hours or pay were reduced in retaliation for threatening to contact the EEOC. To the contrary, defendant has proffered evidence that it accommodated plaintiff's request to reduce his work hours so he could attend appointments, that it moved plaintiff from a certain Walmart location after receiving a complaint about plaintiff from the Walmart store manager, and that it moved plaintiff to a position with both foot and vehicle patrol on plaintiff's request. *See* [DE 49-2] ¶¶ 9, 18-20. Moreover, plaintiff has failed to proffer any evidence which would support a causal connection between any alleged protected conduct and alleged retaliation. While temporal proximity may be used as evidence of a causal connection, plaintiff has failed to establish sufficient temporal proximity to survive summary judgment. *See Clark Cnty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001). Summary judgment in defendant's favor on plaintiff's Title VII retaliation claim is appropriate.

A hostile work environment exists where "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment[.]" *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 21 (1993) (internal quotations and citation omitted). In order to prove a claim for a hostile work environment in violation of Title VII, plaintiff must demonstrate that "(1) []he experienced unwelcome harassment; (2) the harassment was based on h[is] . . . race, or [other protected characteristic]; (3) the harassment was sufficiently severe or pervasive to alter the conditions of employment and create an abusive atmosphere; and (4) there is some basis for

8

imposing liability on the employer." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003).

Plaintiff has failed to proffer any evidence that any allegedly harassing or unwelcome conduct was based on his race or any other protected characteristic. Further, plaintiff has not alleged any conduct which is sufficiently severe or pervasive to support a hostile work environment claim. Plaintiff alleges that he was called a snitch by a co-worker, that he was told he acted in a childish manner, and that he was bullied and harassed by Taborn and Everett. But plaintiff has proffered no evidence which would tend to show that he experienced an abusive working environment. Rude and callous treatment, isolated incidents, and simple teasing or offhand comments are insufficient to support a hostile work environment claim. *E.E.O.C. v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008). Plaintiff's exhibits in support of his complaints do not create a genuine issue of fact as to whether he experienced a hostile work environment, and summary judgment in defendant's favor is appropriate.

To establish a prima facie case of failure to accommodate under the ADA, a plaintiff must show "(1) that he was an individual who had a disability within the meaning of the statute; (2) that the employer had notice of his disability; (3) that with reasonable accommodation he could perform the essential functions of the position; and (4) that the employer refused to make such accommodations." *Wilson v. Dollar Gen. Corp.*, 717 F.3d 337, 345 (4th Cir 2013) (cleaned up, citation omitted). Plaintiff has failed to create a genuine issue of fact as to whether he can establish a prima facie case of failure to accommodate. Plaintiff has not proffered evidence which would show that he has a physical or mental condition which substantially limits a major life activity. 42 U.S.C. § 12102(1)(A). Plaintiff alleges that his back and foot pain, or sciatica and severe spinal stenosis, are his disabilities. While plaintiff's exhibits indicate his diagnoses, *see, e.g.,* [DE 25-1];

[DE 25-2], his return to work/school note from November 8, 2022, indicated that plaintiff could return to work without limitations or restrictions. As discussed above, defendant did accommodate plaintiff's requests related to postings at locations where vehicle patrol was an option, in permitting plaintiff to wear different shoes than otherwise required, and in decreasing his hours to permit him to attend appointments. *See also Williams v. Brunswick Cnty. Bd. of Educ.*, 725 F. Supp. 2d 538, 549 (E.D.N.C. 2010), aff'd, 440 F. App'x 169 (4th Cir. 2011) ("The phrase 'reasonable accommodation' does not mean that an employee gets whatever position she desires.").

Plaintiff has also attached to his amended complaint a March 7, 2023, letter from the WakeMed Back and Spine Center, indicating that plaintiff's radiating low back and left leg pain and weakness symptoms were not well controlled and that plaintiff would be seen by a neurosurgeon on March 29, 2023, to discuss surgical intervention. [DE 25-2]. This was the same day that plaintiff left his shift without authorization and was terminated, and plaintiff has not established that defendant had notice of this letter, or that defendant refused to make any accommodations based upon the contents of this letter. At bottom, plaintiff has failed to create a genuine issue of material fact as to his failure to accommodate claim, and summary judgment in defendant's favor is appropriate.

To establish a claim for retaliation under the ADA, a plaintiff must show that he engaged in protected activity and that his employer took adverse action against him because of his protected activity. *Jacobs v. N.C. Admin. Off. of the Cts.*, 780 F.3d 562, 577 (4th Cir. 2015). If the plaintiff can establish a prima facie case, the employer "has the burden 'to rebut the presumption of retaliation by articulating a legitimate nonretaliatory reason for its actions.'" *Id.* at 578 (citation omitted).

Plaintiff alleges that his employment was terminated in retaliation for leaving work to attend his doctor's appointment related to his spinal stenosis and sciatica. Even assuming, without deciding, that plaintiff has established a prima facie case of retaliation under the ADA, defendant has proffered a legitimate, non-discriminatory reason for plaintiff's termination, and plaintiff has failed to proffer evidence which would show that this reason is mere pretext. Defendant's evidence supports that plaintiff's employment was terminated after plaintiff refused Myers's clear instruction not to leave his post and plaintiff aggressively shoved his equipment in Thompson's chest. Plaintiff's employment was terminated for insubordination and job abandonment, and, even viewing the facts in the light most favorable to plaintiff, he has failed to come forward with evidence which would tend to show that defendant's proffered reasons for his termination are mere pretext. Summary judgment in defendant's favor on plaintiff's ADA retaliation claim is therefore appropriate.

B. *Remaining motions*

Because the Court has determined that summary judgment in defendant's favor on all claims is appropriate, it denies defendant's motion to compel and motion to dismiss and for sanctions as moot.

## CONCLUSION

Accordingly, for the foregoing reasons, and for the reasons outlined by defendant in its motion and memoranda in support, defendant's motion for summary judgment [DE 48] is GRANTED. Defendant's motion to compel [DE 42] and motion to dismiss and for sanctions [DE 46] are DENIED without prejudice as moot. Plaintiff's motion for a ruling on defendant's motion to compel [DE 55] is DENIED. The clerk is DIRECTED to enter this order in both of the above-caption cases and to close each case.

SO ORDERED, this ⧸⧸ day of January 2026.

_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE